KENNEDY, Justice.
This is a co-employee suit filed by Willie Mae and Prances Beville, Sr., against Tommy Spencer. The plaintiffs appeal from a summary judgment for the defendants. We affirm.
Mrs. Beville was an employee at Mine No. 5, operated by Jim Walter Resources. On November 25, 1986, at the end of her shift, she boarded a “manbus” to take her out of the mine. A manbus is a diesel-powered car that transports miners in and out of the mine. When Beville boarded the manbus, Debra Graham was driving. At some point after Beville boarded, the defendant, Tommy Spencer, took over the driving from Graham.
Beville contends that Spencer began to drive too fast and that she flashed her light at him and warned him to slow down. At some point after this, the manbus derailed and Beville was injured. Beville sued for workmen’s compensation and sued Spencer under Alabama Code 1975, § 25-5-11. The trial court entered a summary judgment for the defendant, Tommy Spencer.
An employee covered by the Workmen’s Compensation Act may sue a co-employee only for injuries that were the result of the co-employee’s “willful conduct.” Code of Alabama 1975, § 25-5-ll(b). “Willful conduct” is defined in § 25 — 5—11(c)(1):
“A purpose or intent or design to injure another; and where a person with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent and purpose of inflicting injury, then, he is guilty of ‘willful conduct.’ ”
In Reed v. Brunson, 527 So.2d 102 (Ala.1988), the Court held that cases should not be submitted to a jury under § 25-5-11(c)(1) without some evidence showing (1) why the defendant would want to hurt the plaintiff or any other employee, or (2) that a reasonable person in the defendant’s position would have known that a particular result such as injury or death was substantially certain to follow. Reed, at 120. The appellant contends that this case falls under the second alternative of Reed, the “reasonable man” test. We do not agree.
There were two other passengers, Debra Graham and Woodrow Davis, Jr., on the manbus when it derailed. Both of these witnesses presented affidavits. Both stated that Spencer was not driving too fast and that it was not uncommon for the manbus to derail — they said they had seen it happen before. Neither Davis nor Graham recalled seeing Beville flash her light or tell Spencer to slow down.
The plaintiffs presented no evidence to show that a reasonable person in Spencer’s position would have known that a particular result such as injury or death was substantially certain to follow his conduct.
Based upon Reed, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.